Allan WADDELL and Sweetwater Professional Fire Fighters Association et al, Appellants,

CITY OF SWEETWATER,
Texas, Appellee.

No. 11–04–00157–CV.

Court of Appeals of Texas,
Eastland.

Oct. 27, 2005.

B. Craig Deats, Deats & Levy, P.C., Austin, for Appellants.

Bettye Lynn, Julia Gannaway, Lynn, Pham & Ross, LLP, Fort Worth, for Appellee.

Panel consists of WRIGHT, C.J., and McCALL, J.

## MEMORANDUM OPINION

JIM R. WRIGHT, Chief Justice.

This case arises out of a lawsuit brought against the City of Sweetwater (the City) by several city firefighters[1] and the Sweetwater Professional Fire Fighters Association. The City filed a plea to the jurisdiction, and the trial court dismissed the case with prejudice. We reverse and remand.

Appellants sued the City for violations of the Civil Service Act, TEX. LOC. GOV'T CODE ANN. ch. 143 (Vernon 1999 & Supp.2004–2005). In their first cause of action, appellants alleged that the City failed to promote firefighter Allan Waddell to the position of Fire Marshal in accordance with the promotion procedures of Section 143.036. In their second cause of action, appellants alleged that the City failed to pay each firefighter the same base salary in violation of Section 143.041. In their prayer for relief, appellants asked the trial court to declare the City's actions unlawful, to order the City to promote Waddell, and to provide monetary damages to him and the other named firefighters in the lawsuit.

The City filed a plea to the jurisdiction, alleging that the trial court did not have subject matter jurisdiction over the case. In support of its plea, the City argued: (1) that it possessed sovereign immunity from suit and (2) that appellants lacked standing to sue the City. The trial court granted the plea but did not state the grounds on which it based its ruling.

1. The named firefighters are Allan Waddell, Timothy Cliburn, Billy Villanueva, Marshall Kiser, Eric Reed, Jarrod Campbell, Chris Soles, Todd Donham, Kerry Baker, Patrick O'Neal, Paul King, and Jeff Schoenfield.

We review de novo the trial court's ruling on a plea to the jurisdiction. *See United Water Services, Inc. v. City of Houston,* 137 S.W.3d 747, 749 (Tex.App.-Houston [1st Dist.] 2004, pet'n filed). A court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Independent School District v. Blue,* 34 S.W.3d 547, 555 (Tex.2000). We do not look at the merits of the case. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002). We construe the pleadings liberally in favor of conferring jurisdiction. *Texas Department of Transportation v. Ramirez,* 74 S.W.3d 864, 867 (Tex.2002).

In their first issue on appeal, appellants argue that the City's immunity from suit has been waived. We agree.

Sovereign immunity protects the State, its agencies and officials, and political subdivisions of the State from suit unless immunity from suit has been waived. *General Services Commission v. Little–Tex Insulation Company, Inc.,* 39 S.W.3d 591, 594 (Tex.2001). The sovereign immunity of the State extends to municipalities when they are engaged in governmental functions except when that immunity has been waived. *See United Water Services, Inc. v. City of Houston, supra* at 750. The immunity of counties, cities, school districts, and other political subdivisions of the State is referred to as governmental immunity. *See Wichita Falls State Hospital v. Taylor,* 106 S.W.3d 692, 694 n. 3 (Tex.2003).

Governmental immunity encompasses two principles: (1) immunity from suit and (2) immunity from liability. *Travis County v. Pelzel & Associates, Inc.,* 77 S.W.3d 246, 248 (Tex.2002); *Gendreau v. Medical Arts Hospital,* 54 S.W.3d 877, 879 (Tex.App.-Eastland 2001, pet'n den'd). Immunity from liability does not affect a court's jurisdiction to hear a case. *Texas Department of Transportation v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). Immunity from liability is not properly presented in a plea to the jurisdiction; it must be pleaded and proved as an affirmative defense. *City of San Antonio v. Butler,* 131 S.W.3d 170, 174 (Tex.App.-San Antonio 2004, pet'n filed). The relevant issue before this court is immunity from suit.

Immunity from suit can be waived only by legislative consent or constitutional amendment. *Wichita Falls State Hospital v. Taylor, supra* at 695. Such a waiver must be expressed by clear and unambiguous language. *Wichita Falls State Hospital v. Taylor, supra* at 696; *Gendreau v. Medical Arts Hospital, supra* at 878.

The City's charter states in relevant part: "The City of Sweetwater ... may sue and be sued." The Texas Supreme Court has held that "sue and be sued" language is quite plain and gives general consent for a governmental body to be sued. *Missouri Pacific Railroad Company v. Brownsville Navigation District,* 453 S.W.2d 812, 813 (Tex.1970).

This court believes that *Missouri Pacific* remains controlling precedent upon intermediate appellate courts until changed by our supreme court, and we agree with the majority of appellate courts that "sue and be sued" language waives immunity from suit.[2] *See, e.g., City of Houston v.*

---

**2.** This court has recently held that, in some cases, "sue and be sued" language might not represent a clear and unambiguous waiver of immunity from suit, depending on the text and history of the statute. *See Gene Duke*

*Builders, Inc. v. Abilene Housing Authority,* 168 S.W.3d 215 (Tex.App.-Eastland 2005, pet'n filed). In most cases, however, including this one, we believe that "sue and be

*Clear Channel Outdoor, Inc.,* 161 S.W.3d 3 (Tex.App.-Houston [14th Dist.] 2004, pet'n filed); *City of Lubbock v. Adams,* 149 S.W.3d 820, 825 (Tex.App.-Amarillo 2004, pet'n filed); *City of Texarkana v. City of New Boston,* 141 S.W.3d 778, 787 (Tex. App.-Texarkana 2004, pet'n filed); *United Water Services, Inc. v. City of Houston, supra* at 755; *Alamo Community College District v. Browning Construction Company,* 131 S.W.3d 146, 154 (Tex.App.-San Antonio 2004, pet'n filed); *City of Mexia v. Tooke,* 115 S.W.3d 618, 621 (Tex.App.-Waco 2003, pet'n granted); *Goerlitz v. City of Midland,* 101 S.W.3d 573, 577 (Tex. App.-El Paso 2003, pet'n filed); *Tarrant County Hospital District v. Henry,* 52 S.W.3d 434, 448 (Tex.App.-Fort Worth 2001, no pet'n); *Welch v. Coca–Cola Enterprises Inc.,* 36 S.W.3d 532, 538 (Tex.App.-Tyler 2000, no pet'n); *Dillard v. Austin Independent School District,* 806 S.W.2d 589, 594 (Tex.App.-Austin 1991, writ den'd).

We hold that the City's charter clearly and unambiguously waives the City's immunity from suit. The trial court, therefore, should not have dismissed the case based on the doctrine of governmental immunity. We sustain appellant's first issue on appeal.

In their third issue on appeal, appellants argue that they possess standing to sue the City for violations of the Civil Service Act. We agree.

■ The standing doctrine identifies those suits that are appropriate for judicial resolution. *Brown v. Todd,* 53 S.W.3d 297, 305 (Tex.2001). Under Texas law, standing limits subject matter jurisdiction to cases involving a distinct injury to the plaintiff and a real controversy between the parties that will actually be determined by the judicial declaration sought. *Brown v. Todd, supra.*

■ The standard of review for an order of dismissal for lack of standing is the same as that for an order of dismissal for lack of subject matter jurisdiction. *Texas Association of Business v. Texas Air Control Board,* 852 S.W.2d 440, 446 (Tex.1993). Thus, we construe the pleadings in favor of the plaintiff and look to the pleader's intent. *Huston v. Federal Deposit Insurance Corporation,* 663 S.W.2d 126, 129 (Tex.App.-Eastland 1983, writ ref'd n.r.e.).

■ An individual, to meet the requirements for standing, must show that (1) he suffered an "injury in fact"; (2) the injury is "fairly ... trace[able] to the challenged action of the defendant"; and (3) it is likely, and not merely speculative, that the injury will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

■ An association, to meet the requirements for standing, must show that (1) its members would otherwise have standing to sue in their own right, (2) the interests it seeks to protect are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Texas Association of Business v. Texas Air Control Board, supra* at 447.

■ Waddell meets the standing requirements. Waddell alleged a distinct injury: the denial of a promotion in violation of the Civil Service Act. Because the City is allegedly responsible for promotion decisions, this denial is fairly traceable to the actions of the defendant. Further, if Waddell is successful in court, the court has the

sued" language clearly and unambiguously          waives immunity from suit.

power to order the City to grant Waddell the relief he seeks.

■ The other named plaintiffs also meet the standing requirements. They alleged a distinct injury: the denial of the same salary received by the firefighter designated as Fire Marshal. Because the City is allegedly responsible for salary decisions, this denial is fairly traceable to the actions of the defendant. If these other named plaintiffs are successful in the trial court, the trial court has the power to order the City to provide each of the named plaintiffs the relief they seek.

■ Finally, the Sweetwater Professional Fire Fighters Association meets the standing requirements for an organization. The Association is a labor organization which represents firefighters employed by the Sweetwater Fire Department. Its members, therefore, would have standing to sue in their own right. Further, the Association's purpose is to promote the employment rights of its members and to improve their working conditions. This lawsuit is germane to that purpose because, if plaintiffs are successful, the Association's members will benefit from a salary system in compliance with the Civil Service Act. Finally, although the participation of Waddell and the other named plaintiffs is necessary for the monetary damages that are being sought by those named individuals, the participation of individual firefighters is not necessary for the declaratory relief that is being sought.

Construing the pleadings in favor of the plaintiffs, we hold that each of the plaintiffs have standing to sue the City for violations of the Civil Service Act. We sustain appellants' third issue on appeal.

We need not rule on appellants' second issue on appeal (whether the trial court erred in dismissing the case with prejudice) because we have concluded that the case should not have been dismissed for lack of subject matter jurisdiction. TEX. R.APP.P. 47.1.

The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.

STRANGE, J., not participating.