**CITY OF SWEETWATER, Petitioner,**

v.

**Allan WADDELL, Timothy Cliburn, Billy Villanueva, Marshall Kiser, Eric Reed, Jarrod Campbell, Chris Soles, Todd Donham, Kerry Baker, Patrick O'Neal, Paul King, Jeff Schoenfield, and The Sweetwater Professional Fire Fighters Association, Respondents.**

No. 05–1033.

Supreme Court of Texas.

March 9, 2007.

Bettye Lynn, Lynn Pham Moore & Ross, LLP, Julia J. Gannaway, Fort Worth, Peter F. Sheridan, Griggs & Sheridan, Sweetwater, for Petitioner.

B. Craig Deats, Philip Durst, Deats Durst Owen & Levy, P.L.L.C., Austin, for Respondent.

PER CURIAM.

Several firefighters and the Sweetwater Professional Fire Fighters Association sued the City of Sweetwater alleging that the City failed to promote firefighter Allan Waddell to the position of fire marshal as required by section 143.036 of the Texas Local Government Code, and failed to pay each firefighter the same base salary as required by section 143.041 of that code. The plaintiffs prayed for a declaration that the City's actions were unlawful, an order that Waddell be promoted, and attorney fees and costs, under TEX. CIV. PRAC. & REM.CODE § 37.001–.011, and monetary damages. The City filed a plea to the jurisdiction, asserting that it was immune from suit and that the Association, and the individual firefighters other than Waddell, lacked standing to sue the City. The trial

court granted the plea, without stating the grounds for its ruling, and dismissed the case with prejudice. The court of appeals reversed and remanded, holding that the City's immunity from suit was waived by a "sue and be sued" clause in its charter and that the plaintiffs all had standing to sue. 218 S.W.3d 93 (Tex.App.-Eastland 2005).

The court of appeals' decision is inconsistent with our holding in *Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex.2006). On remand the trial court may consider, among other things, whether the City's immunity from suit is waived by sections 271.151–.160 of the Local Government Code or other statutory provisions. *See City of Irving v. Inform Constr., Inc.*, 201 S.W.3d 693, 694 (Tex.2006). Accordingly, we grant the City's petition for review and without hearing oral argument, reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings. TEX.R.APP. P. 59.1.