Opinion issued August 9, 2007










In The

Court of Appeals

For The

First District of Texas






NO. 01-04-00548-CV






KEITH LOWELL, JEFF DAIGLE, RICHARD S. DOMASK, W.A.
DOMASK, RALPH FINIELLO, RODNEY FOSTER, GASTON GAGNE,
DERRICK GASKIN, JAMES SLATE HILL, MARSHALL HUTTON,
JARED JACKSON, JAMES T. LEWIS, TRACY E. LINDSEY, VICTOR
MEDINA, MARK MEDRANO, JAMES MOSS JR., CHARLES E.
MURRELL, SCOTT PRITCHETT, RAUL RODRIGUEZ JR., SHAWN
RUSSI, BRIAN W. SMITH, JOHN WADLEY, MILLARD WILLIAMS JR.,
GARY M. WILLIS JR., MICHAEL WOOSTER, JAMES BURGESS,
ROBERT BURLIN, GILBERT CONTRERAS, DAVID COX, JAMES T.
DATILLO SR., DANIEL J. DUBIEL, BARRY I. HAWKINS, WALTER
HORTON, JACKIE ICKES, PAUL MUNOZ, MARK NEAL, FREDERICK
D. SPENCER, FERRELL J. ANGELLE, BILL BAYLIS, THOMAS CARR,
ROSS L. HARGIN, RICHARD LOPEZ, ROBERT T. MCKAY, VICTOR
MEDRANO, GEORGE J. RESTIVO, WEYLON ROBINSON,

TIMOTHY ROGERS, MICHAEL K. RYAN, LARRY A. TROUTMAN,

AND MARIAN WYSE, Appellants 


V.


CITY OF BAYTOWN, TEXAS, Appellee






On Appeal from the 215th District Court

Harris County, Texas

Trial Court Cause No. 2001-624939






O P I N I O N

 Appellants, Keith Lowell, Jeff Daigle, Richard S. Domask, W.A. Domask,
Ralph Finiello, Rodney Foster, Gaston Gagne, Derrick Gaskin, James Slate Hill,
Marshall Hutton, Jared Jackson, James T. Lewis, Tracy E. Lindsey, Victor Medina,
Mark Medrano, James Moss Jr., Charles E. Murrell, Scott Pritchett, Raul Rodriguez
Jr., Shawn Russi, Brian W. Smith, John Wadley, Millard Williams Jr., Gary M. Willis
Jr., Michael Wooster, James Burgess, Robert Burlin, Gilbert Contreras, David Cox,
James T. Datillo Sr., Daniel J. Dubiel, Barry I. Hawkins, Walter Horton, Jackie Ickes,
Paul Munoz, Mark Neal, Frederick D. Spencer, Ferrell J. Angelle, Bill Baylis,
Thomas Carr, Ross L. Hargin, Richard Lopez, Robert T. McKay, Victor Medrano,
George J. Restivo, Weylon Robinson, Timothy Rogers, Michael K. Ryan, Larry A.
Troutman, and Marian Wyse, appeal the trial court's order dismissing appellants'
claims for lack of subject-matter jurisdiction. Appellants, firefighters employed by
appellee, City of Baytown (the City), sought declaratory and injunctive relief and
back pay under the Civil Service Act. (1) The trial court granted the City's plea to the
jurisdiction based on governmental immunity from suit. On appeal, appellants
contend that their claims under the Declaratory Judgments Act (2) do not implicate
governmental immunity and that the City's immunity from suit is waived as to claims
under the Civil Service Act. Alternatively, appellants contend that, if it was
appropriate for the trial court to dismiss appellant's claims, the trial court should not
have dismissed them with prejudice. Finally, appellants contend that, because the
trial court dismissed the case based only upon the City's claim of immunity from suit,
this Court cannot affirm the dismissal on the basis that appellants' did not exhaust
their administrative remedies. 

 We affirm in part and reverse in part and remand the case for further
proceedings. 

BACKGROUND


 The City of Baytown firefighters are subject to the Civil Service Act (the Act),
which provides that all firefighters within the same classification are entitled to the
same base salary and to longevity or seniority pay. Tex. Loc. Gov't Code Ann.
§ 143.041 (Vernon Supp. 2006). In addition, the City and the firefighters have
entered into a collective bargaining agreement (CBA) that provides for a "step plan"
within the Fire Department's employment classifications. Under the Act, a firefighter
begins to accrue seniority points on the date that he or she is hired. A department
head may designate an employee from the next lower classification to fill a position
temporarily in a higher classification. Id., § 143.038 (Vernon 1999). While filling
the higher position, the employee is entitled to the base salary of the higher position
as well as the employee's own longevity or seniority pay. Id. § 143.038(b). 

 Appellants sued the City, alleging that they had not been paid their seniority
pay when serving temporarily in higher classifications. After the original petition and
answer were filed, each party filed a motion for summary judgment. The City then
filed a plea to the jurisdiction asserting that the City's governmental immunity from
suit had not been waived and that appellants had not exhausted their administrative
remedies. The trial court granted the City's plea and dismissed appellants' claims for
lack of subject matter jurisdiction. The trial court denied appellants' motion for new
trial, and appellants filed this appeal. 

STANDARD OF REVIEW


 A plea to the jurisdiction is appropriate whenever a governmental unit believes
that the trial court lacks subject-matter jurisdiction. Tex. Dept. of Transp. v. Jones,
8 S.W.3d 636, 638 (Tex. 1999). When deciding whether to grant a plea to the
jurisdiction, the trial court must look solely to the allegations in the petition. Liberty
Mut. Ins. Co. v. Sharp, 874 S.W.2d 736,739 (Tex. App.--Austin 1994, writ denied). 
The plaintiff bears the burden of alleging facts affirmatively showing that the trial
court has subject-matter jurisdiction. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993). The court of appeals must take the allegations in the
petition as true and construe them in favor of the pleader. Id. Whether a trial court
has subject-matter jurisdiction is a question of law and is reviewed de novo. Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 

DISCUSSION


I. The City's Governmental Immunity From Suit

 In their first issue, appellants contend that the trial court erred by ruling that the
City's governmental immunity from suit deprived the court of subject-matter
jurisdiction over claims brought under the Civil Service Act. Appellants argue that
(1) the trial court has jurisdiction under the Declaratory Judgments Act to construe
the Civil Service Act; (2) waiver of the City's immunity from claims for back pay
brought under the Civil Service Act has been established through 60 years of case
law; (3) and (3) the common-law doctrine of waiver of immunity applies because,
otherwise, portions of the Civil Service Act would be rendered meaningless. 

 1. Declaratory judgment and injunction

 Appellants' lawsuit demands interpretation of sections 143.038 and 143.041of
the Civil Service Act. See Tex. Local Gov't Code Ann. §§ 143.038, 143.041. The
Declaratory Judgments Act provides, "A court of record within its jurisdiction has
power to declare rights, status, and other legal relations whether or not further relief
is or could be claimed." Tex. Civ. Prac. & Rem. Code Ann. § 37.003(a) (Vernon
1997). The court's authority extends to include the construction of statutes and
ordinances. Id., § 37.004(a) (Vernon 1997). A suit to construe a statute or ordinance
does not implicate governmental immunity from suit. Tex. Natural Res. Conservation
Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). However, a party may not
circumvent governmental immunity from suit by characterizing a suit for money
damages as a declaratory-judgment action. Id. at 856. 

 The relief requested by appellants in their petition included (1) a declaration
that the City's failure to pay the base salary of the higher-graded position along with
a firefighter's own seniority pay violated Local Government Code sections 143.038
and 143.041 and (2) a permanent injunction prohibiting the City from future violation
of the statutes. Because appellants' requested declaration and injunction do not
require the payment of money damages, these claims do not implicate governmental
immunity. Therefore, the trial court had jurisdiction to construe the relevant sections
of the Civil Service Act and to enjoin the City from failing to pay appellants
consistent with the trial court's construction of the Act. See Bell v. City of Grand
Prairie, 221 S.W.3d 317, 325 (Tex. App.--Dallas 2007, no pet.) (concluding that, to
extent appellants did not seek money damages, declaratory judgment action and
injunction were not barred by governmental immunity). 

 2. Back pay

 Appellants also requested an award of back pay and benefits lost as a result of
the City's failure to pay appellants properly. Appellants contend that more than 60
years of case law establishes that back pay is recoverable under the Civil Service Act. 
Appellants direct us to numerous cases, including seven supreme court cases, (4) that
affirm the right to be awarded back pay under the Civil Service Act. In response, the
City argues that immunity was not an issue in the cases cited by appellant and that
some of those cases involved a vested property interest, unlike the present case,
which involves "mere 'wishes'" of appellants. 

 Because it is jurisdictional, immunity from suit is always an issue when a
governmental entity is sued. Subject-matter jurisdiction cannot be waived and may
be considered by an appellate court on its own motion. Tex. Workers' Comp.
Comm'n v. Garcia, 893 S.W.2d 504, 517 (Tex. 1995). Therefore, the parties' failure
to raise the issue of governmental immunity from suit cannot explain 60 years of
silence on this issue. However, the supreme court has recently broken that silence in
two cases brought under the Civil Service Act. 

 In City of Houston v. Williams, a group of retired firefighters sued to recover
amounts they claimed were improperly withheld from lump-sum payments due them
upon retirement as required by sections 143.115 and 143.116 of the Local
Government Code. 216 S.W.3d 827, 828 (Tex. 2007). The court noted that "state
law requires" that firefighters receive such payments. Id. The court of appeals had
held that the "sue and be sued" language of the City's charter and the "plead and be
impleaded" language of Local Government Code section 51.075 waived the City's
immunity from suit. Id. Because this holding was inconsistent with Tooke v. City of
Mexia, 197 S.W.3d 325 (Tex. 2006), the supreme court reversed the court of appeals'
judgment. Id. The court also determined that appellants could not assert their claim
for declaratory relief because the only injury alleged had already occurred and the
only plausible remedy was money damages. Id. at 828-29. The court stated, "[I]f
the sole purpose of such a declaration [to determine statutory rights] is to obtain a
money judgment, immunity is not waived." Id. at 829. Because of the recent
enactment of sections 271.151-.160 of the Local Government Code, which waives
immunity from suit for certain contract claims, the court remanded the case to the trial
court to consider the applicability of that statute. Id. 

 In City of Sweetwater v. Waddell, firefighters and their association sued the city
for failure to promote Waddell and to pay firefighters as required by the Civil Service 
Act. 218 S.W.3d 80, 80 (Tex. 2007). The firefighters prayed for a declaration that
the City's actions were unlawful, an order that Waddell be promoted, and money
damages. Id. The trial court granted the City's plea to the jurisdiction, and the court
of appeals reversed, holding that the "sue and be sued" language in the charter waived
the City's immunity from suit. Id. at 80-81. The supreme court, holding that the
court of appeals' decision was inconsistent with Tooke v. City of Mexia, reversed the
court of appeals, stating, "On remand the trial court may consider, among other
things, whether the City's immunity from suit is waived by sections 271.151-.160 of
the Local Government Code or other statutory provisions." Id. at 81. The court did
not address whether appellants' declaratory judgment claims had been properly
brought. 

 We read Williams and Waddell to foreclose any award of money damages
under the Civil Service Act unless the Legislature gives to firefighters and police
officers, for whose benefit this act was passed, permission to sue. 

 3. Common-law waiver of immunity

 Appellants propose that we apply the common-law doctrine that waiver of
immunity from suit will be found if, without waiver, a statute would be rendered
meaningless. Appellants cite, as an example of such waiver, City of LaPorte v.
Barfield, 898 S.W.2d 288 (Tex. 1995). In Barfield, the supreme court stated:

 The rule requiring a waiver of governmental immunity to be clear and
unambiguous cannot be applied so rigidly that the almost certain intent
of the Legislature is disregarded. Legislative intent remains the polestar
of statutory construction. We will not read statutory language to be
pointless if it is reasonably susceptible of another construction. If a
statute leaves no reasonable doubt of its purpose, we will not require
perfect clarity, even in determining whether governmental immunity has
been waived. 


Id. at 292. Using these principles, the court held that, even in the absence of specific
waiver language, the intent of the Legislature was to waive governmental immunity
from suit for violations of the Anti-Retaliation Law. (5) Id. at 296-97. 

 Appellants also cite, as an example of waiver by legislative intent, the
Whistleblower Act, (6) which is discussed in Barfield. Id. at 296. Regarding that Act,
which applies to state agencies and local governments, the court stated, "[I]ndeed,
there would be no purpose for the Act at all if immunity were not waived." Id. 
Appellants argue that this reasoning applies equally to the Civil Service Act, which
applies specifically to cities and their employment of firemen and police officers. 

 We find appellants' reasoning compelling. However, in our view, our supreme
court has, in Waddell and Williams, specifically precluded the recovery of money
damages in a lawsuit brought under the Civil Service Act. Thus, the court foreclosed
the result urged by appellants. See Waddell, 218 S.W.3d at 81; Williams, 216 S.W.3d
at 829. 

 4. Summary

 We sustain appellants' first issue as it relates to their claims for declaratory
judgment and injunction to the extent that they do not seek money damages. 

 We overrule appellants' first issue as it relates to their claims for back pay or
other money damages.

II. Dismissal With Prejudice

 In their second issue, appellants contend, in the alternative, that, if the trial
court properly dismissed any of their claims for lack of jurisdiction, the court erred
by dismissing their suit with prejudice. (7) Appellants argue that they should have been
given the opportunity to seek legislative consent to sue, citing Li v. University of
Texas Health Science Center, 984 S.W.2d 647 (Tex. App.--Houston [14th Dist.]
1998, pet. denied). We consider this issue only as it applies to appellants' claims for
money damages. 

 The supreme court has recognized a conflict in the case law regarding whether
a dismissal for lack of jurisdiction should be with or without prejudice. See Harris
County v. Sykes, 136 S.W.3d 635, 639 (Tex. 2004). In Sykes, the issue was whether
the plaintiff's claims came within the waiver of the Tort Claims Act. Id. at 637. The
supreme court held that the dismissal was with prejudice because it fully and finally
adjudicated whether the claims came within the Tort Claims Act. Id. The court
further explained: 

 If a plaintiff has been provided a reasonable opportunity to amend
after a governmental entity files its plea to the jurisdiction, and the
plaintiff's amended pleading still does not allege facts that would
constitute a waiver of immunity, then the trial court should dismiss the
plaintiff's action. Such a dismissal is with prejudice because a plaintiff
should not be permitted to relitigate jurisdiction once that issue has been
finally determined.


Id. at 639. The plaintiff in Sykes amended her petition after the County filed its plea
to the jurisdiction, but the amended petition did not bring the claims within the Tort
Claims Act. Id. 

 In the present case, appellants did not amend their petition, but it was not for
lack of a reasonable opportunity to do so. In response to the City's plea, they argued
that immunity had been waived. In response to the City's response, appellants argued
additional grounds for waiver. The order dismissing their lawsuit for lack of
jurisdiction was signed over 11 months after the City's plea was filed. Thus,
appellants had a reasonable opportunity to amend their petition. 

 We hold that the trial court did not err by dismissing appellants' claims for
money damages with prejudice. Accordingly, we overrule appellants' second issue.

III. Exhaustion of Administrative Remedies

 Appellants' third issue is a response in anticipation of a contention by the City
that appellants' claims were properly dismissed because appellants did not exhaust
their administrative remedies with respect to their claims for back pay. 

 As anticipated, the City contends that some of appellants' claims--those
accruing before October 1, 2001--are subject to the grievance procedure of the
Human Resources Policy Manual of the City, and that those claims accruing after that
date--the effective date of the CBA--are subject to the grievance/arbitration
procedure in the CBA. The City notes that the CBA procedure applies to complaints
"involving the interpretation, application, or alleged violation of any provision of the
CBA." Because we have concluded that the City's governmental immunity from suit
precludes any recovery of money damages, we need not consider whether appellants
were first required to submit such claims to a grievance or arbitration procedure. 
However, we must determine whether appellants were required to exhaust the
remedies of the CBA before filing suit for a declaration of their rights under sections
143.038 and 143.041. 

 The CBA defines a grievance as "any dispute, claim, or complaint involving
the interpretation, application or alleged violation of any provisions of this
Agreement, not including matters reserved to management in the Management Rights
clause in Article III or to disciplinary matters covered in Article XXIII." Appellants'
claims in this case were based solely on the method used by the City in calculating
appellants' pay when they were temporarily filling a higher-classified position. We
have reviewed the CBA in the appellate record and find nothing relating to the
payment of firefighters who are temporarily assigned to a higher-classified position. 

 Chapter 74 of the Local Government Code provides that a collective bargaining
agreement may specifically preempt a state or local civil service provision. Tex.
Local Gov't Code Ann. § 174.006 (Vernon 1999). Article XXII of the CBA,
entitled "Compensation," establishes firefighters' base compensation and certificate
pay and provides, "To the extent that any provision of this Article conflicts with or
changes Chapter 143 of the Texas Local Government Code or any other applicable
statute, . . . this Agreement shall supersede such provisions." However, base
compensation and certificate pay are not the subject of sections 143.038 and 143.041
and, conversely, compensation while filling a higher-classified position is not the
subject of CBA Article XXII. 

 Appellants' petition did not complain about the interpretation, application, or
violation of any provision of the CBA. Therefore, appellants' complaints did not
meet the CBA's definition of "grievance" and were not subject to its procedures. We
hold that appellants' claims are not governed by the CBA and that, therefore, the
administrative remedies within the CBA do not apply. 

CONCLUSION


 We affirm the trial court's judgment to the extent that it dismissed appellants'
claims for money damages. We reverse the judgment of the trial court to the extent
that it dismissed appellant's claims for declaratory and injunctive relief and remand
the case to the court below for further proceedings. 



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.


1. Tex. Local Gov't Code Ann. § 143.001-.089 (Vernon 1999 & Supp. 2006). 
2. Tex. Civ. Prac. & Rem. Code Ann. § 37.001-.011 (Vernon 1997 & Supp.
2006. 
3. After the Texas Supreme Court issued its opinion in Tooke v. City of Mexia, 197
S.W.3d 325 (Tex. 2006), appellants, in a supplemental brief, abandoned their claims, in their
original brief, that the City's governmental immunity had been waived by the provision in
the Local Government Code that home rule municipalities "may plead and be impleaded in
any court," and the Baytown City Charter, which gives it the authority to "sue and be sued,"
to "contract and be contracted with," and to "implead and be impleaded in all courts." In
Tooke, the court held that terms such as "sue and be sued" and "plead and be impleaded,"
standing alone, do not waive governmental liability. Id. at 342-43. In so holding, the court
overruled Missouri Pacific R.R. Co. v. Brownsville Navigation Dist., 453 S.W.2d 812 (Tex.
1970). 
4. See Tijerina v. City of Tyler, 846 S.W.2d 825 (Tex. 1992); Lee v. Downey, 842
S.W.2d 646 (Tex. 1992); Kierstead v. City of San Antonio, 643 S.W.2d 118 (Tex. 1982); Int'l
Ass'n of Fire Fighters, Local Union No. 936 v. Townsend, 622 S.W.2d 562 (Tex. 1981);
Duckett v. City of Houston, 495 S.W.2d 883 (Tex. 1973); Stauffer v. City of San Antonio, 344
S.W.2d 158 (Tex. 1961); and Morrison v. City of Fort Worth, 155 S.W.2d 908 (Tex. 1941). 

5. Tex. Labor Code Ann. §§ 451.001-.003 (Vernon 2006).
6. Tex. Gov't Code Ann. §§ 554.001-.010 (Vernon 2004).
7. The order of dismissal does not recite that it is with prejudice. However, we deem
the dismissal to be with prejudice. See Harris County v. Sykes, 136 S.W.3d 635, 636 (Tex.
2004) (holding that dismissal for lack of jurisdiction after opportunity, but failure, to cure is
with prejudice).