Keith LOWELL, Jeff Daigle, Richard S. Domask, W.A. Domask, Ralph Finiello, Rodney Foster, Gaston Gagne, Derrick Gaskin, James Slate Hill, Marshall Hutton, Jared Jackson, James T. Lewis, Tracy E. Lindsey, Victor Medina, Mark Medrano, James Moss Jr., Charles E. Murrell, Scott Pritchett, Raul Rodriguez Jr., Shawn Russi, Brian W. Smith, John Wadley, Millard Williams Jr., Gary M. Willis Jr., Michael Wooster, James Burgess, Robert Burlin, Gilbert Contreras, David Cox, James T. Datillo Sr., Daniel J. Dubiel, Barry I. Hawkins, Walter Horton, Jackie Ickes, Paul Munoz, Mark Neal, Frederick D. Spencer, Ferrell J. Angelle, Bill Baylis, Thomas Carr, Ross L. Hargin, Richard Lopez, Robert T. Mckay, Victor Medrano, George J. Restivo, Weylon Robinson, Timothy Rogers, Michael K. Ryan, Larry A. Troutman, and Marian Wyse, Appellants,

v.

CITY OF BAYTOWN,
TEXAS, Appellee.

No. 01–04–00548–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 9, 2007.

Rehearing Overruled Nov. 6, 2007.

B. Craig Deats, Deats Durst Owen & Levy, PLLC, Austin, TX, for Appellants.

Bettye Lynn, Julia J. Gannaway, Lynn Pham & Ross, LLP, Allyson C. Torres Beckman, Lynn Pahm Moore & Ross, LLP, Fort Worth, TX, Ignacio Ramirez Sr., City of Baytown, Baytown, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and HIGLEY.

## OPINION

SAM NUCHIA, Justice.

Appellants, Keith Lowell, Jeff Daigle, Richard S. Domask, W.A. Domask, Ralph Finiello, Rodney Foster, Gaston Gagne, Derrick Gaskin, James Slate Hill, Marshall Hutton, Jared Jackson, James T. Lewis, Tracy E. Lindsey, Victor Medina, Mark Medrano, James Moss Jr., Charles E. Murrell, Scott Pritchett, Raul Rodriguez Jr., Shawn Russi, Brian W. Smith, John Wadley, Millard Williams Jr., Gary M. Willis Jr., Michael Wooster, James Burgess, Robert Burlin, Gilbert Contreras, David Cox, James T. Datillo Sr., Daniel J. Dubiel, Barry I. Hawkins, Walter Horton, Jackie Ickes, Paul Munoz, Mark Neal, Frederick D. Spencer, Ferrell J. Angelle, Bill Baylis, Thomas Carr, Ross L. Hargin, Richard Lopez, Robert T. McKay, Victor Medrano,

George J. Restivo, Weylon Robinson, Timothy Rogers, Michael K. Ryan, Larry A. Troutman, and Marian Wyse, appeal the trial court's order dismissing appellants' claims for lack of subject-matter jurisdiction. Appellants, firefighters employed by appellee, City of Baytown (the City), sought declaratory and injunctive relief and back pay under the Civil Service Act.[1] The trial court granted the City's plea to the jurisdiction based on governmental immunity from suit. On appeal, appellants contend that their claims under the Declaratory Judgments Act[2] do not implicate governmental immunity and that the City's immunity from suit is waived as to claims under the Civil Service Act. Alternatively, appellants contend that, if it was appropriate for the trial court to dismiss appellant's claims, the trial court should not have dismissed them with prejudice. Finally, appellants contend that, because the trial court dismissed the case based only upon the City's claim of immunity from suit, this Court cannot affirm the dismissal on the basis that appellants' did not exhaust their administrative remedies.

We affirm in part and reverse in part and remand the case for further proceedings.

## BACKGROUND

The City of Baytown firefighters are subject to the Civil Service Act (the Act), which provides that all firefighters within the same classification are entitled to the same base salary and to longevity or seniority pay. TEX. LOC. GOV'T CODE ANN. § 143.041 (Vernon Supp.2006). In addition, the City and the firefighters have entered into a collective bargaining agreement (CBA) that provides for a "step plan" within the Fire Department's employment classifications. Under the Act, a firefight-

er begins to accrue seniority points on the date that he or she is hired. A department head may designate an employee from the next lower classification to fill a position temporarily in a higher classification. *Id.,* § 143.038 (Vernon 1999). While filling the higher position, the employee is entitled to the base salary of the higher position as well as the employee's own longevity or seniority pay. *Id.* § 143.038(b).

Appellants sued the City, alleging that they had not been paid their seniority pay when serving temporarily in higher classifications. After the original petition and answer were filed, each party filed a motion for summary judgment. The City then filed a plea to the jurisdiction asserting that the City's governmental immunity from suit had not been waived and that appellants had not exhausted their administrative remedies. The trial court granted the City's plea and dismissed appellants' claims for lack of subject matter jurisdiction. The trial court denied appellants' motion for new trial, and appellants filed this appeal.

## STANDARD OF REVIEW

A plea to the jurisdiction is appropriate whenever a governmental unit believes that the trial court lacks subject-matter jurisdiction. *Tex. Dept. of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). When deciding whether to grant a plea to the jurisdiction, the trial court must look solely to the allegations in the petition. *Liberty Mut. Ins. Co. v. Sharp,* 874 S.W.2d 736, 739 (Tex.App.-Austin 1994, writ denied). The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Con-*

---

**1.** Tex. Local Gov't Code Ann. § 143.001–.089 (Vernon 1999 & Supp.2006).

**2.** Tex. Civ. Prac. & Rem.Code Ann. § 37.001–.011 (Vernon 1997 & Supp.2006).

*trol Bd.*, 852 S.W.2d 440, 446 (Tex.1993). The court of appeals must take the allegations in the petition as true and construe them in favor of the pleader. *Id.* Whether a trial court has subject-matter jurisdiction is a question of law and is reviewed de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998).

## DISCUSSION

### I. The City's Governmental Immunity From Suit

In their first issue, appellants contend that the trial court erred by ruling that the City's governmental immunity from suit deprived the court of subject-matter jurisdiction over claims brought under the Civil Service Act. Appellants argue that (1) the trial court has jurisdiction under the Declaratory Judgments Act to construe the Civil Service Act; (2) waiver of the City's immunity from claims for back pay brought under the Civil Service Act has been established through 60 years of case law;[3] and (3) the common-law doctrine of waiver of immunity applies because, otherwise, portions of the Civil Service Act would be rendered meaningless.

#### 1. *Declaratory judgment and injunction*

■■ Appellants' lawsuit demands interpretation of sections 143.038 and 143.041 of the Civil Service Act. *See* TEX. LOCAL GOV'T CODE ANN. §§ 143.038, 143.041. The Declaratory Judgments Act provides, "A court of record within its jurisdiction has power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." TEX. CIV. PRAC. & REM.CODE ANN. § 37.003(a) (Vernon 1997). The court's authority extends to include the construction of statutes and ordinances. *Id.*, § 37.004(a) (Vernon 1997). A suit to construe a statute or ordinance does not implicate governmental immunity from suit. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002). However, a party may not circumvent governmental immunity from suit by characterizing a suit for money damages as a declaratory-judgment action. *Id.* at 856.

■ The relief requested by appellants in their petition included (1) a declaration that the City's failure to pay the base salary of the higher-graded position along with a firefighter's own seniority pay violated Local Government Code sections 143.038 and 143.041 and (2) a permanent injunction prohibiting the City from future violation of the statutes. Because appellants' requested declaration and injunction do not require the payment of money damages, these claims do not implicate governmental immunity. Therefore, the trial court had jurisdiction to construe the relevant sections of the Civil Service Act and to enjoin the City from failing to pay appellants consistent with the trial court's construction of the Act. *See Bell v. City of Grand Prairie*, 221 S.W.3d 317, 325 (Tex. App.-Dallas 2007, no pet.) (concluding that,

---

**3.** After the Texas Supreme Court issued its opinion in *Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex.2006), appellants, in a supplemental brief, abandoned their claims, in their original brief, that the City's governmental immunity had been waived by the provision in the Local Government Code that home rule municipalities "may plead and be impleaded in any court," and the Baytown City Charter, which gives it the authority to "sue and be sued," to "contract and be contracted with," and to "implead and be impleaded in all courts." In *Tooke*, the court held that terms such as "sue and be sued" and "plead and be impleaded," standing alone, do not waive governmental liability. *Id.* at 342–43. In so holding, the court overruled *Missouri Pacific R.R. Co. v. Brownsville Navigation Dist.*, 453 S.W.2d 812 (Tex.1970).

to extent appellants did not seek money damages, declaratory judgment action and injunction were not barred by governmental immunity).

### 2. Back pay

Appellants also requested an award of back pay and benefits lost as a result of the City's failure to pay appellants properly. Appellants contend that more than 60 years of case law establishes that back pay is recoverable under the Civil Service Act. Appellants direct us to numerous cases, including seven supreme court cases,[4] that affirm the right to be awarded back pay under the Civil Service Act. In response, the City argues that immunity was not an issue in the cases cited by appellant and that some of those cases involved a vested property interest, unlike the present case, which involves "mere 'wishes'" of appellants.

■■■■ Because it is jurisdictional, immunity from suit is always an issue when a governmental entity is sued. Subject-matter jurisdiction cannot be waived and may be considered by an appellate court on its own motion. *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 517 (Tex.1995). Therefore, the parties' failure to raise the issue of governmental immunity from suit cannot explain 60 years of silence on this issue. However, the supreme court has recently broken that silence in two cases brought under the Civil Service Act.

In *City of Houston v. Williams*, a group of retired firefighters sued to recover amounts they claimed were improperly withheld from lump-sum payments due them upon retirement as required by sec-tions 143.115 and 143.116 of the Local Government Code. 216 S.W.3d 827, 828 (Tex. 2007). The court noted that "state law requires" that firefighters receive such payments. *Id.* The court of appeals had held that the "sue and be sued" language of the City's charter and the "plead and be impleaded" language of Local Government Code section 51.075 waived the City's immunity from suit. *Id.* Because this holding was inconsistent with *Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex.2006), the supreme court reversed the court of appeals' judgment. *Id.* The court also determined that appellants could not assert their claim for declaratory relief because the only injury alleged had already occurred and the only plausible remedy was money damages. *Id.* at 828–29. The court stated, "[I]f the sole purpose of such a declaration [to determine statutory rights] is to obtain a money judgment, immunity is not waived." *Id.* at 829. Because of the recent enactment of sections 271.151–.160 of the Local Government Code, which waives immunity from suit for certain contract claims, the court remanded the case to the trial court to consider the applicability of that statute. *Id.*

In *City of Sweetwater v. Waddell*, firefighters and their association sued the city for failure to promote Waddell and to pay firefighters as required by the Civil Service Act. 218 S.W.3d 80, 80 (Tex.2007). The firefighters prayed for a declaration that the City's actions were unlawful, an order that Waddell be promoted, and money damages. *Id.* The trial court granted the City's plea to the jurisdiction, and the court of appeals reversed, holding that the

---

4. *See Tijerina v. City of Tyler*, 846 S.W.2d 825 (Tex.1992); *Lee v. Downey*, 842 S.W.2d 646 (Tex.1992); *Kierstead v. City of San Antonio*, 643 S.W.2d 118 (Tex.1982); *Int'l Ass'n of Firefighters, Local Union No. 936 v. Townsend*, 622 S.W.2d 562 (Tex.1981); *Duckett v. City of Houston*, 495 S.W.2d 883 (Tex.1973); *Stauffer v. City of San Antonio*, 162 Tex. 13, 344 S.W.2d 158 (Tex.1961); and *Morrison v. City of Fort Worth*, 138 Tex. 10, 155 S.W.2d 908 (Tex.1941).

"sue and be sued" language in the charter waived the City's immunity from suit. *Id.* at 80–81. The supreme court, holding that the court of appeals' decision was inconsistent with *Tooke v. City of Mexia,* reversed the court of appeals, stating, "On remand the trial court may consider, among other things, whether the City's immunity from suit is waived by sections 271.151–.160 of the Local Government Code or other statutory provisions." *Id.* at 81. The court did not address whether appellants' declaratory judgment claims had been properly brought.

We read *Williams* and *Waddell* to foreclose any award of money damages under the Civil Service Act unless the Legislature gives to firefighters and police officers, for whose benefit this act was passed, permission to sue.

### 3. Common-law waiver of immunity

Appellants propose that we apply the common-law doctrine that waiver of immunity from suit will be found if, without waiver, a statute would be rendered meaningless. Appellants cite, as an example of such waiver, *City of LaPorte v. Barfield,* 898 S.W.2d 288 (Tex.1995). In *Barfield,* the supreme court stated:

> The rule requiring a waiver of governmental immunity to be clear and unambiguous cannot be applied so rigidly that the almost certain intent of the Legislature is disregarded. Legislative intent remains the polestar of statutory construction. We will not read statutory language to be pointless if it is reasonably susceptible of another construction. If a statute leaves no reasonable doubt of its purpose, we will not require perfect clarity, even in determining whether governmental immunity has been waived.

*Id.* at 292. Using these principles, the court held that, even in the absence of specific waiver language, the intent of the Legislature was to waive governmental immunity from suit for violations of the Anti–Retaliation Law.[5] *Id.* at 296–97.

Appellants also cite, as an example of waiver by legislative intent, the Whistleblower Act,[6] which is discussed in *Barfield.* *Id.* at 296. Regarding that Act, which applies to state agencies and local governments, the court stated, "[I]ndeed, there would be no purpose for the Act at all if immunity were not waived." *Id.* Appellants argue that this reasoning applies equally to the Civil Service Act, which applies specifically to cities and their employment of firemen and police officers.

We find appellants' reasoning compelling. However, in our view, our supreme court has, in *Waddell* and *Williams,* specifically precluded the recovery of money damages in a lawsuit brought under the Civil Service Act. Thus, the court foreclosed the result urged by appellants. *See Waddell,* 218 S.W.3d at 81; *Williams,* 216 S.W.3d at 829.

### 4. Summary

We sustain appellants' first issue as it relates to their claims for declaratory judgment and injunction to the extent that they do not seek money damages.

We overrule appellants' first issue as it relates to their claims for back pay or other money damages.

## II. Dismissal With Prejudice

In their second issue, appellants contend, in the alternative, that, if the trial court properly dismissed any of their claims for lack of jurisdiction, the court erred by dismissing their suit with preju-

---

5. Tex. Labor Code Ann. §§ 451.001–.003 (Vernon 2006).

6. Tex. Gov't Code Ann. §§ 554.001–.010 (Vernon 2004).

dice.[7] Appellants argue that they should have been given the opportunity to seek legislative consent to sue, citing *Li v. University of Texas Health Science Center*, 984 S.W.2d 647 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). We consider this issue only as it applies to appellants' claims for money damages.

The supreme court has recognized a conflict in the case law regarding whether a dismissal for lack of jurisdiction should be with or without prejudice. *See Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). In *Sykes*, the issue was whether the plaintiff's claims came within the waiver of the Tort Claims Act. *Id.* at 637. The supreme court held that the dismissal was with prejudice because it fully and finally adjudicated whether the claims came within the Tort Claims Act. *Id.* The court further explained:

> If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action. Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined.

*Id.* at 639. The plaintiff in *Sykes* amended her petition after the County filed its plea to the jurisdiction, but the amended petition did not bring the claims within the Tort Claims Act. *Id.*

■ In the present case, appellants did not amend their petition, but it was not for lack of a reasonable opportunity to do so. In response to the City's plea, they argued that immunity had been waived. In response to the City's response, appellants argued additional grounds for waiver. The order dismissing their lawsuit for lack of jurisdiction was signed over 11 months after the City's plea was filed. Thus, appellants had a reasonable opportunity to amend their petition.

We hold that the trial court did not err by dismissing appellants' claims for money damages with prejudice. Accordingly, we overrule appellants' second issue.

## III. Exhaustion of Administrative Remedies

Appellants' third issue is a response in anticipation of a contention by the City that appellants' claims were properly dismissed because appellants did not exhaust their administrative remedies with respect to their claims for back pay.

As anticipated, the City contends that some of appellants' claims—those accruing before October 1, 2001—are subject to the grievance procedure of the Human Resources Policy Manual of the City, and that those claims accruing after that date—the effective date of the CBA—are subject to the grievance/arbitration procedure in the CBA. The City notes that the CBA procedure applies to complaints "involving the interpretation, application, or alleged violation of any provision of the CBA." Because we have concluded that the City's governmental immunity from suit precludes any recovery of money damages, we need not consider whether appellants were first required to submit such claims to a grievance or arbitration procedure. However, we must determine whether appellants were required to exhaust the rem-

---

7. The order of dismissal does not recite that it is with prejudice. However, we deem the dismissal to be with prejudice. *See Harris County v. Sykes*, 136 S.W.3d 635, 636 (Tex. 2004) (holding that dismissal for lack of jurisdiction after opportunity, but failure, to cure is with prejudice).

edies of the CBA before filing suit for a declaration of their rights under sections 143.038 and 143.041.

The CBA defines a grievance as "any dispute, claim, or complaint involving the interpretation, application or alleged violation of any provisions of this Agreement, not including matters reserved to management in the Management Rights clause in Article III or to disciplinary matters covered in Article XXIII." Appellants' claims in this case were based solely on the method used by the City in calculating appellants' pay when they were temporarily filling a higher-classified position. We have reviewed the CBA in the appellate record and find nothing relating to the payment of firefighters who are temporarily assigned to a higher-classified position.

Chapter 74 of the Local Government Code provides that a collective bargaining agreement may specifically preempt a state or local civil service provision. TEX. LOCAL GOV'T CODE ANN. § 174.006 (Vernon 1999). Article XXII of the CBA, entitled "Compensation," establishes firefighters' base compensation and certificate pay and provides, "To the extent that any provision of this Article conflicts with or changes Chapter 143 of the Texas Local Government Code or any other applicable statute, ... this Agreement shall supersede such provisions." However, base compensation and certificate pay are not the subject of sections 143.038 and 143.041 and, conversely, compensation while filling a higher-classified position is not the subject of CBA Article XXII.

██ Appellants' petition did not complain about the interpretation, application, or violation of any provision of the CBA. Therefore, appellants' complaints did not meet the CBA's definition of "grievance" and were not subject to its procedures. We hold that appellants' claims are not governed by the CBA and that, therefore,

the administrative remedies within the CBA do not apply.

## CONCLUSION

We affirm the trial court's judgment to the extent that it dismissed appellants' claims for money damages. We reverse the judgment of the trial court to the extent that it dismissed appellant's claims for declaratory and injunctive relief and remand the case to the court below for further proceedings.