**Barbara BROWN, Dan Fontaine, Dr. James Abbruzese, and the University of Texas M.D. Anderson Cancer Center, Appellants,**

v.

**KE–PING XIE, M.D., Ph.D, Appellee.**

**No. 01–05–00137–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 29, 2008.

Eden Paige Sholeen, Bracewell & Patterson, L.L.P., Christopher Blewer Gilbert, Houston, TX, for Appellants.

Althea M. Bailey, Eddie M. Krenek, Krenek Law Offices, Katy, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

ELSA ALCALA, Justice.

In this interlocutory appeal, appellants, Barbara Brown, Dan Fontaine, James Abbruzese (collectively, "the employees"), and the University of Texas M.D. Anderson Cancer Center ("the hospital"), appeal the trial court's order, denying their motions to dismiss the claims filed by appellee, Ke-Ping Xie, against the employees. The dismissal was requested under section 101.106 of the Texas Tort Claims Act ("the Act"). TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001–.109 (Vernon 2005 & Supp. 2007). In their sole issue on appeal, the employees and the hospital assert that (1) Xie's original petition asserted a claim for defamation against the hospital and (2) Xie's suit was a suit "under" the Act, which was an irrevocable election by Xie that required the dismissal of the claims against the employees. We conclude that the trial court erred by denying the motion to dismiss the claims against the employees. We reverse the trial court's order and dismiss the employees.

### Procedural Background

In his original petition, Xie sued the employees "in their individual capacities" for defamation and he requested injunctive relief against both the employees and the hospital. Xie sought an injunction to prohibit the employees from "publishing or causing to be published defamatory communications about [Xie] to persons without business necessity, professional interest or duty...." Xie also sought an injunction against the hospital "so that the individual [employees] may not improperly cloak themselves in the security blanket of sovereign immunity to avoid the legal consequences of their individual tortious acts." Xie alleged that injunctive relief was appropriate against the hospital because the hospital was immune from a suit for defamation and, therefore, "[t]here is no legal avenue by which [the hospital] could ever be held financially accountable for the defamation, disparagement and other wrongful conduct at issue in this petition."

The hospital and the employees answered Xie's suit. The hospital filed an answer asserting a general denial, affirmative defense, and a plea to the jurisdiction based on sovereign immunity from suit and from liability. Within its answer, the hospital also moved for dismissal of the claims against the employees under section 101.106(e) of the Act. See TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(e) (Vernon 2005). The employees' joint answer contained a general denial, affirmative defenses, and a motion to dismiss the claims against them pursuant to section 101.106(e) of the Act. See id.

Xie then filed an amended original petition. Xie asserted claims for employment discrimination against the hospital only. Xie also asserted claims for intentional infliction of emotional distress and defamation against the individual employees. Xie dropped his claim for injunctive relief.

After holding hearings on the propriety of dismissal under section 101.106, the parties submitted additional briefs to the court. In their supplemental brief, the employees clarified for the court that they were seeking relief under section 101.106(e), not sub-section (f). The trial court signed a written order that states,

> The Court considered the joint motion to dismiss of [the employees] and [Xie's] response thereto. The Court hereby denies the motion to dismiss. The Court hereby stays all proceedings based on the oral representations of ... [the employees'] intent to appeal this order pursuant to Chapter 51, Civil Practice & Remedies Code.

The record before us does not include a ruling concerning the hospital's motion to dismiss the claims of the employees.

### Section 101.106 of the Texas Tort Claims Act

■ Section 101.106, entitled "Election of Remedies," provides:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

(c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 2005). "The purpose of section 101.106 is to force a plaintiff to choose whether he will seek to impose tort liability on a governmental unit or on government employees, individually." *Williams v. Nealon*, 199 S.W.3d 462, 465 (Tex.App.–Houston [1st Dist.] 2006, pet. filed) (citing *Waxahachie Indep. Sch. Dist. v. Johnson*, 181 S.W.3d 781, 785 (Tex.App.–Waco 2005, pet. denied)).

### Motion to Dismiss Claims Against Individual Employees

The hospital and the employees contend that Xie's original petition was a lawsuit that asserted claims brought "under" the Act against both the hospital and the employees and that the trial court had a mandatory duty to dismiss the suit against the employees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) ("the employees *shall* immediately be dismissed")(emphasis added). Xie responds that (A) the only petition that should be considered is the amended petition, which is the live pleading; (B) section 101.106(e) does not apply because the request for an injunction is not a lawsuit against the hospital; and (C) his suit is not filed "under" the Act be-

cause the Act does not waive governmental immunity for defamation.

### A. Original Petition Determines Entitlement to Dismissal under Tort Claims Act

The parties dispute whether we should look to the original petition or to the amended petition to determine whether the employees are entitled to dismissal under the Act. Xie filed an original petition that asserted a cause of action against the employees for defamation and sought injunctive relief against the employees and the hospital. Based on the original petition, the employees and the hospital moved to dismiss the employees under section 101.106(e). After the employees and the hospital filed their motions, Xie filed his amended petition, which dropped the claims for injunctive relief, asserted a claim for employment discrimination against the hospital, and asserted claims for intentional infliction of emotional distress and defamation against the employees. We conclude that Xie's original petition, not his amended petition, is the proper one to scrutinize to determine whether dismissal under section 101.106(e) is appropriate. *Villasan v. O'Rourke,* 166 S.W.3d 752, 762 (Tex.App.–Beaumont 2005, pet. denied) (concluding that if dismissal of government employee is appropriate based on original petition, filing of amended petition does not avoid mandatory language of section 101.106(e)).

### B. Request for Injunctive Relief is Lawsuit Under Tort Claims Act

Having determined that Xie asserted a request for injunctive relief in his original brief, we turn to the parties' dispute as to whether a lawsuit requesting injunctive relief is a lawsuit against the hospital. "[A]n injunction is an equitable remedy, not a cause of action." *Meroney v. City of Colleyville,* 200 S.W.3d 707, 713 (Tex.App.–Fort Worth 2006, pet. granted, judgm't vacated w.r.m.) (citing *Brittingham v. Ayala,* 995 S.W.2d 199, 201 (Tex. App–San Antonio 1999, pet. denied)). However, a party can obtain an injunction only by showing a probable right to recovery "through a claim or cause of action." *Id.; see also Clarendon Nat'l Ins. Co. v. Thompson,* 199 S.W.3d 482, 494 (Tex.App.–Houston [1st Dist.] 2006, no pet.) (stating that party cannot obtain temporary injunction unless it proves, *inter alia,* "(1) a cause of action [and] (2) a probable right to recover on that cause of action"). Thus, a suit requesting an injunction against a governmental entity is properly characterized as a claim against the government. *See Meroney,* 200 S.W.3d at 711.[1]

Here, Xie's original petition named the hospital as a defendant. He sought injunctive relief against the hospital. The sole cause of action asserted by Xie was for defamation against the employees. We conclude that Xie's lawsuit for injunctive relief against the hospital is properly characterized as a defamation claim against the

1. *Compare Lowell v. City of Baytown,* 264 S.W.3d 31, 33, No. 01–04–00548–CV, 2007 WL 2264703, at *2 (Tex.App.–Houston [1st Dist.] Aug. 9, 2007, pet. filed). In *Lowell,* this Court stated that a suit for a declaration construing a statute and for an injunction prohibiting the City from violating the statute in the future did not implicate governmental immunity because it did not require the payment of money damages by the city. *Id.* (citing *Tex. Natural Res. Conservation Comm'n v. IT–* *Davy,* 74 S.W.3d 849, 855 (Tex.2002) and *Bell v. City of Grand Prairie,* 221 S.W.3d 317, 325 (Tex.App.–Dallas 2007, no pet.)). We distinguish *Lowell* from the instant case because the construction and violation of a statute are not at issue, and the only cause of action asserted by Xie is a tort, not a request for a declaration. *See id.* As discussed more fully below, all tort suits are suits under the Texas Tort Claims Act. *See Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 657–58 (Tex.2008).

hospital. *See Meroney*, 200 S.W.3d at 713 (holding that suit naming governmental entity as defendant and seeking injunctive relief against governmental entity, but only asserting single defamation cause of action against government employee, "is nevertheless properly characterized as a defamation claim [against the governmental entity]").

## C. Lawsuit for Defamation is "Under" Tort Claims Act

■ Having determined that the claim for injunctive relief against the hospital is properly characterized as a lawsuit against the hospital for defamation, we next turn to the parties' dispute whether the lawsuit for defamation is a lawsuit "under" the Act for purposes of section 101.106. The hospital and employees contend that any tort lawsuit filed against the government is "under" the Act because the only possible relief for the government's tortious acts lies in the Act's limited waiver of immunity. Xie responds that his lawsuit is not "under" the Act because defamation is not a tort for which the Act waives immunity. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.057 (Vernon 2005) (stating that Act does not waive immunity for intentional torts).

The Supreme Court of Texas recently addressed this issue. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657–58 (Tex.2008). In *Garcia*, the court of appeals affirmed a trial court's denial of the School District's jurisdictional pleas under section 101.106. *Id.* The court of appeals determined that Garcia's claims were not "under this chapter" because the claims did not fit within the Act's waiver of immunity. *Id.* In rejecting this argument, the Texas Supreme Court concluded,

> Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all

tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be "under [the Tort Claims Act]" for purposes of section 101.106.

*Id.* (citing *Newman v. Obersteller*, 960 S.W.2d 621, 622–23 (Tex.1997)). Because "all tort theories" are "under this chapter" for purposes of section 101.106, we conclude that section 101.106 does apply to Xie's claims for intentional torts.

Section 101.106(e) provides, "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e). Here, both the hospital and the employees sought dismissal under section 101.106(e). Although it did not rule on the hospital's motion, the trial court denied the employees' motion. We hold that the trial court erred by denying the employees' motion to dismiss the claims against them. *See id.; see also Garcia*, 253 S.W.3d at 659–60 ("Under subsection (e), [the employee] would be entitled to dismissal of Garcia's suit against him upon the ISD's filing of a motion."). Accordingly, we conclude that the trial court erred by failing to dismiss the individual employees.

We sustain the employees' sole issue.

## Conclusion

We reverse the order of the trial court and dismiss the employees.