## DALLAS FIRE FIGHTERS ASSOCIATION, Ken Clower, Brett Stidham, Bryan Russell, Tracy Beard, Robert Myers, Robert McCrummen, John Speer, Roland Cale, Salvador Garcia, Chad Smith, Gary Brown, William S. White, Greg Forrester, Richard Santa Cruz, Murphy Rogers, David Diggs, Ron Janek, Dale Coston, Clayton King, Jesse Garcia, Steve Fass, Chris Willeford, Greg Harper, Dennis Per-

kins, Wesley Pemberton, Paul Julian, Noe Garza, Richard Gambrell, Chuck Bratton, Greg Sturch, Tolvia Wilcoxen, Richard Ewing, Benjamin Bryan, Rick Thomas, and John Garrison, Appellants,

v.

CITY OF DALLAS, Appellee.

No. 05–03–01787–CV.

Court of Appeals of Texas, Dallas.

July 27, 2004.

Barbara L. Emerson, Bellinger & De-Wolf L.L.P., Dallas, for Appellants.

Karen Jyllane Tracy, Office of the City Atty., Barbara E. Rosenberg, City of Dallas Attorney's Office, Madeleine B. Johnson, City Atty., Dallas, for Appellee.

Before Justices WRIGHT, O'NEILL, and FRANCIS.

## MEMORANDUM OPINION

Opinion by Justice FRANCIS.

In this employment dispute, the Dallas Fire Fighters Association and thirty-five individual firefighters appeal the trial court's order granting the City of Dallas's plea to the jurisdiction and dismissing their lawsuit. In three issues, appellants challenge the trial court's ruling that the City is immune from suit. Because the dispositive issues are clearly settled in law, we issue this memorandum opinion. *See* TEX.R.APP. P. 47.4. We affirm.

The parties' dispute involves the City's decisions regarding who to promote to the rank of fire operations lieutenant and captain. The thirty-five individual appellants are firefighters employed by the City who were either denied or delayed promotions. The DFFA is a nonprofit association whose purpose is to promote, support, and advocate on behalf of its members, Dallas Fire Department employees, issues that include pay, staffing, and promotions.

In April and May 2000, the thirty-five firefighters sat for the oral assessment portion of the promotion examination for fire operations lieutenant and captain. When the firefighters' promotions were denied or delayed, appellants sued the City for breach of contract, alleging that the promotion examination violated the City Charter, the Civil Service Rules, and the City's implied employment contract with its workers. Specifically, they asserted the oral assessment of candidates was not related to the job analysis for the position, which resulted in "inequitable promotion and/or allocation of available position for fire lieutenant and/or fire captain on the promotion list(s), delay and/or failure of Plaintiffs to be promoted as entitled." In addition to their breach of contract claims, appellants also sought declaratory and injunctive relief. Appellants sought back pay, future pay, lost retirement and other benefits, past and future damages for men-

tal anguish and emotional distress, and damages for adverse impact to appellants' development and hiring potential. They also asked for the court to fashion new promotion lists for lieutenant and captain.

The City filed a plea to the jurisdiction to the lawsuit, asserting it had not waived immunity for any of appellants' claims. The City also filed special exceptions to the declaratory relief claim, arguing a suit for money damages may not be maintained without legislative consent.

In response to the plea, appellants relied on language in the City Charter and section 51.075 of the Texas Local Government Code to establish waiver. They also argued there is no immunity for equitable relief sought under the Declaratory Judgments Act. On the day of the hearing on the plea, appellants filed their third amended petition in response to the special exceptions. The amended petition dropped their claims for actual damages from their request for declaratory relief but added a request for a mandatory injunction granting their promotions. It also added a new claim for breach of a settlement agreement. The trial court proceeded on the third amended petition, and after hearing arguments from both sides, granted the plea and dismissed the lawsuit. This appeal ensued.

▬ A plea to the jurisdiction is a dilatory plea by which a party challenges a trial court's authority to determine the subject matter of an action. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). Whether a trial court has subject matter jurisdiction is a question of law to be reviewed de novo. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). In performing this review, we do not look to the merits of the plaintiffs' case but consider only the pleadings and evidence pertinent to the jurisdictional inquiry. *Cameron*

*County v. Brown,* 80 S.W.3d 549, 555 (Tex. 2002).

 Sovereign immunity protects the State, its agencies, and its officials from lawsuits for damages absent legislative consent. *Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 405 (Tex.1997). The sovereign immunity of the State inures to the benefit of a municipality to the extent the municipality engages in the exercise of governmental functions. *See City of Tyler v. Likes,* 962 S.W.2d 489, 501 (Tex.1997). Sovereign immunity encompasses two principles: immunity from suit and immunity from liability. *IT–Davy,* 74 S.W.3d at 853. Immunity from suit bars a suit against the State unless the Legislature expressly consents to the suit. *Id.* If the Legislature has not expressly waived immunity from suit, the State retains such immunity even if liability is not disputed. *Id.* Immunity from liability protects the State from money judgments even if the Legislature has expressly given consent to sue. *Id.*

 The Legislature may consent to suits against the State by statute or by resolution. *Id.* Legislative consent for suit or any other sovereign immunity waiver must be "by clear and ambiguous language." TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2004); *Travis County v. Pelzel & Assoc., Inc.,* 77 S.W.3d 246, 248 (Tex.2002). When determining whether there is a clear and unambiguous waiver of immunity from suit, we generally resolve any ambiguity in favor of retaining immunity. *See Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 697 (Tex.2003).

 In their first issue, appellants contend language in the City Charter that the City can "sue and be sued" and "implead and be impleaded" as well as language in section 51.075 of the local government code that a home-rule municipality "may plead and be impleaded in any court" provide the necessary waiver of immunity. This Court has recently analyzed and rejected similar arguments. *See Satterfield & Pontikes Constr., Inc. v. Irving Indep. Sch. Dist.,* 123 S.W.3d 63, 66–67 (Tex.App.-Dallas 2003, pet. filed) (concluding "sue and be sued" language found in section 11.151(a) of the Texas Education Code is not waiver of immunity); *City of Carrollton v. McMahon Contracting, L.P.,* 134 S.W.3d 925, 927–28 (Tex.App.-Dallas 2004, pet. filed) (concluding language in section 51.075 that city "may plead and be impleaded in any court" not waiver of immunity). We will not revisit those holdings today.

To the extent appellants rely on the Civil Service Rules for a waiver of immunity, we note that only a portion of the rules are attached as an appendix to their brief. Further, it appears appellants are relying on rules relating to an appeal of a demotion, not a denial or delay of a promotion. Consequently, we fail to see how these rules are relevant to the issue in this case. Issue one is without merit.

 In their second issue, appellants argue immunity is waived for their claim for declaratory judgment and equitable relief because they do not seek to recover damages or impose liability. Again, we disagree.

 The Uniform Declaratory Judgments Act (DJA) is a remedial statute designed "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." TEX. CIV. PRAC. & REM.CODE ANN. § 37.002(b) (Vernon 1997). The Act provides:

> A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity

arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

TEX. CIV. PRAC. & REM.CODE ANN. § 37.004(a) (Vernon 1997). The Act does not extend a trial court's jurisdiction, and a litigant's request for declaratory relief does not confer jurisdiction on a court or change a suit's underlying nature. *IT–Davy,* 74 S.W.3d at 855. A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex.1995).

▇▇▇ Private parties may seek declaratory relief against state officials who allegedly act without legal or statutory authority. *IT–Davy,* 74 S.W.3d at 855. This is because suits to compel state officers to act within their official capacity do not attempt to subject the State to liability. *Id.* Therefore, certain declaratory judgment actions against state officials do not implicate the sovereign immunity doctrine. *Id.*

▇▇▇ In contrast, declaratory judgment suits against state officials seeking to establish a contract's validity, to enforce performance under a contract, or to impose contractual liabilities are suits against the State. *Id.* That is because such suits attempt to control state action by imposing liability on the State. *Id.* at 856. Private parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages, such as a contract dispute, as a declaratory judgment claim. *Id.*

As stated previously, appellants complain their promotions to the rank of lieutenant or captain were either denied or delayed because of the City's alleged illegal and improper promotional testing. Within their action for declaratory relief,

appellants seek a declaration "as to the City's compliance with the Charter and Civil Services Rules." As relief, however, appellants ask the trial court to "fashion" new promotion lists and grant their promotions. At the conclusion of the petition, appellants "further seek that the Court grant a mandatory injunction granting Plaintiff's [sic] the rank and remedy and pay they would have received had the illegal and improper testing, the oral assessment[,] not been administered." Consequently, while appellants purport to seek a declaration as to whether the City violated the Charter or Civil Service Rules, the remedy sought is the very promotions denied or delayed and the accompanying pay increase, which is the essence of their breach of contract claims. Thus, we conclude their request for affirmative relief in the form of a mandatory injunction is merely subterfuge to gain subject matter jurisdiction in this case.

Further, the matters of which appellants complain, and the relief requested of the trial court, do not appear subject to resolution by a declaratory judgment. While the trial court could declare that the City violated its rules by implementing the oral assessment, it would not have jurisdiction to order the relief sought—these officers' promotions. *See King v. Tex. Dep't of Human Servs.,* 28 S.W.3d 27, 33 (Tex. App.-Austin 2000, no pet.) (holding that plaintiff's request to order department to place him in position of supervising attorney with concomitant duties, responsibilities, and pay falls into category of 'controlling an official within his legal authority to act' and is barred by sovereign immunity doctrine); *Nueces County v. Ferguson,* 97 S.W.3d 205, 220 n. 20 (Tex.App.-Corpus Christi 2002, no pet.) (noting that request for placement in disputed position would be attempt to control state action and would be barred by sovereign immunity). Under these circumstances, we cannot con-

clude any controversy would be resolved by the declaration sought. Because we conclude the trial court did not err in dismissing appellants' claim for declaratory and injunctive relief, we resolve the second issue against appellants.

The third issue involves only the DFFA. Here, appellants argue the trial court erred in granting the plea to the jurisdiction because the DFFA has standing to prosecute its claims for breach of contract. Because we have rejected appellants' arguments for waiver of immunity, we need not address the standing issue. Issue three is without merit.

We affirm the trial court's order.